IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Gause,<br><br>                Plaintiff,<br><br>vs.<br><br>Phillip Thompson;<br>J. Reuben Long Detention Center;<br>Tom Fox,<br><br>                Defendants. | C/A No. 0:10-2066-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Roger Gause ("Plaintiff"),[1] a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently housed at the J. Reuben Long Detention Center, in Horry County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that the case should be summarily dismissed for failure to state a claim upon which relief may be granted as to Defendant J. Reuben Long Detention Center. Service of the Complaint is directed for Defendants Phillip Thompson and Tom Fox in an Order to be filed contemporaneously with this Report and Recommendation.

---

[1] Although two other persons are listed as plaintiffs in the caption of the Complaint, only Roger Gause signed the pleadings. Hence, Roger Gause has been docketed as the sole plaintiff in this case. See Fed. R. Civ. P. 11.

Page 1 of 5



## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing).[2]

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) (formerly 28 U.S.C. § 1915(d)), as "frivolous").



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint fails to state a claim upon which relief may be granted as to the defendant "J. Reuben Long Detention Center." To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The J. Reuben Long Detention Center is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Detention Center consists of buildings, facilities, and grounds—inanimate objects that

do not act under color of state law—and thus is not a "person" within the meaning of § 1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the defendant "J. Reuben Long Detention Center" should be summarily dismissed from this action without prejudice and without service of process.

## RECOMMENDATION

Accordingly, the court recommends that the Defendant J. Reuben Long Detention Center be summarily dismissed the from the above-captioned case without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).