IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Gause, ) | C/A No. 0:10-2066-CMC-PJG |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Phillip Thompson, Tom Fox, ) | |
| Defendants. ) | |

The plaintiff, Roger Gause ("Gause"), a self-represented pretrial detainee, brings this action against Philip Thompson, the Sheriff of Horry County, and Tom Fox, the Director of the J. Reuben Long Detention Center. Gause seeks only injunctive relief pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (ECF No. 22.) By order of this court filed November 10, 2010 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 23.) Gause filed a cross-motion for summary judgment, (ECF No. 25), to which the defendants responded (ECF No. 27). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Gause's motion should be denied.

## BACKGROUND

Gause's Complaint, liberally construed, alleges that Officer Dozier entered his cell at the detention center and, for no reason, grabbed his collar and placed a taser against his neck in a

threatening manner.[1] Gause alleges that when Dozier grabbed his collar, it left a mark on his neck. Further, Gause alleges that Defendant Thompson has a policy that permits guards to intimidate detainees with their tasers without cause. Gause also asserts that Dozier and other officers—who are also not defendants here—have used profanity and racial slurs. Gause alleges that as a result he suffers from nightmares. He seeks injunctive relief, requesting that Dozier be terminated,[2] that new policies be issued to prevent this from reoccurring, and that medical attention be provided for his nightmares.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[1] Dozier's version of events differs greatly from Gause's, but, with respect to the defendants' motion, the court views the disputed facts in the light most favorable to Gause. See generally Fed. R. Civ. P. 56. In neither version of events was the taser actually deployed.

[2] Gause's claim seeking termination of Dozier not only fails as a matter of law because the court cannot grant such relief in a § 1983 action, see Maxton v. Johnson, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980), but also because, Dozier having already been fired, the request is moot in any event.



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Gause's Claims**

As stated above, it appears based on a liberal construction of the Complaint that Gause has sued the defendants in their official capacities seeking only injunctive relief[3] based on an alleged

---

[3] The defendants state in their motion for summary judgment that Gause was released from the detention center on September 10, 2010. However, it appears that since that time Gause has sporadically been detained at the detention center and is currently detained there. See http://www.horrycounty.org/depts/detention/bookings/ (enter "Gause" in the "Last Name" field and click "find it!;" scroll down to the "Gause, Roger Termaine" listings) (last visited July 19, 2011).



ongoing unconstitutional policy. See Virginia Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1638 (2011) (discussing Ex parte Young, 209 U.S. 123 (1908), and stating "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes").[4]  To obtain injunctive or declaratory relief under 42 U.S.C. § 1983, a plaintiff must demonstrate an underlying violation of federal law. See 42 U.S.C. § 1983.  On this record, Gause cannot as a matter of law establish any claim justifying the relief he seeks.

In furtherance of his claim for injunctive relief, Gause alleges that Defendant Thompson as Sheriff, who is responsible for the detention center, has adopted an unconstitutional "policy" that permits guards to intimidate detainees with tasers without cause.[5]  His claim for injunctive relief is based on his allegations that Officer Dozier violated his constitutional rights by grabbing him by the

---

[4] Because Gause's request for medical treatment does not seek to restrain an ongoing violation of federal law, the court finds that Ex parte Young does not apply and Defendants Thompson and Fox are immune from suit in their official capacities for a claim seeking such mandatory injunctive relief.  Cf. Virginia Office for Prot. & Advocacy, 131 S. Ct. at 1638 (noting that the Ex parte Young doctrine "does not apply 'when the state is the real, substantial party in interest,' as when the 'judgment sought would expend itself on the public treasury or domain, or interfere with public administration.' ") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 & n.11 (1984)).

[5] Liberally construing Gause's Complaint, the court surmises that Gause named Defendant Fox solely because he is the director of the detention center and therefore would potentially be in a position to effectuate any injunctive relief ordered by the court.  Without commenting on whether inclusion of Defendant Fox for this reason is proper in a § 1983 action seeking injunctive relief, the court observes that any claim for relief against Defendant Fox fails for the same reason as Gause's claim against Defendant Thompson: no ongoing constitutional violation warranting injunctive relief has been established.  Moreover, no other plausible claim has been alleged against Defendant Fox, as Gause's Complaint contains absolutely no allegations of any personal participation in the events of which Gause complains.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").



collar and threatening him with a taser. To the extent that Gause attempts to assert a claim based on an alleged unconstitutional policy or custom implemented by Defendant Thompson that permits such conduct, Gause has not alleged facts stating a plausible claim for relief under this theory based on circuit precedent. He has pointed to no ordinance, regulation, or written policy regarding the conduct of which he complains. Nor do his allegations show an actionable pattern of unconstitutional conduct to establish a custom or practice for § 1983 purposes. See Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (describing four ways to establish liability for a policy or custom).[6] Gause alleges that on a single occasion Officer Dozier acted in an unconstitutional manner by attempting to intimidate Gause with his taser. Moreover, his complaints that Dozier and other guards used verbal threats or abusive language toward him do not state a constitutional claim. See McBride v. Deer, 240 F.3d 1287, 1291, n.3 (10th Cir. 2001) (stating that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (stating that verbal threats causing fear for a plaintiff's life is not an infringement of a constitutional right); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (*per curiam*) ("Verbal harassment or abuse of the sort alleged in this case [*i.e.*, the sheriff refusing to mail certain legal correspondence for a prisoner and threatening to hang him] is not sufficient to state a constitutional deprivation under 42 U.S.C.

---

[6] Nor do Gause's allegations fall within the other methods recognized in Lytle of establishing a policy or custom claim. Lytle, 326 F.3d at 471 (stating that liability for a policy or custom may also arise "through the decisions of a person with final policymaking authority" or "through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens") (alteration in original) (internal quotations marks and citation omitted). In fact, the undisputed evidence in the record shows, rather than deliberate indifference by the defendants to Gause's rights, that Dozier was actually terminated based in part upon the incident of which Gause complains. (See Johnson Aff. ¶ 2, ECF No. 22-3 at 1); see City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

§ 1983."); Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983") (citing Collins, 603 F.2d at 827); cf. Hudspeth v. Figgins, 584 F.2d 1345 (4th Cir. 1978) (holding that allegations that a guard threatened to have an inmate killed because he had a suit pending combined with the carrying out of a threat to have the prisoner transferred from unsupervised work detail to supervised work detail was sufficient to state a claim under § 1983). Injunctive relief to restrain an ongoing constitutional violation is therefore unwarranted.

To the extent that Gause's Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 22) be granted and Gause's motion for summary judgment (ECF No. 25) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 19, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).